DV

ACCEPTED
2/25/2015 12:27:39 PM
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
3/2/2015 12:41:51 PM
CHRISTOPHER PRINE
CLERK

PROBATE COURT 1

No. 419625
No. _____

IN THE ESTATE OF DORIS J.          :      IN THE 1ST OR 14TH

SIMON, INCAPACITATED, APPELLANT:          COURT OF APPEALS
COURT OF APPEALS                          :

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
3/2/2015 12:41:51 PM
CHRISTOPHER A. PRINE
Clerk

vs                                 :      HOUSTON,
                                   :      HARRIS COUNTY, TEXAS
                                   :
JOELLEN SNOW, APPELLEE,            :
ANGELA JOHNSON, APPELLEE IN 2ND CASE   :
MICHAEL BOLTZ, JERRY SIMONEAUX ,       :
& LAUREN BYRD, DEFENDANTS IN ORIGINAL:
PROCEEDING                             :

APPELLANT , THE ESTATE OF DORIS J. SIMON, INCAPACITATED,
NOTICE OF APPEAL

TO THE HONORABLE COURT:

1.      Guardian Morna Simon-McGuffey, as guardian, agent, attorney-in-fact and representative for Jean Simon, appeal three original orders of the court –

    a. Defendant Joellen Snow's said order signed by the Court on November 24, 2014, granting special exceptions and dismissing plaintiff's causes with prejudice.

    b. the trial court's original order, dated November 24, 2014, sustaining Joellen Snow's Rule 91 Motion to Dismiss.

    c. the trial court's original order dated January 28, 2015, sustaining Angela Johnson's Rule 91 Motion to Dismiss.

**Preliminary Matters**

1. On September 15, 2014, Plaintiff, as guardian, agent, attorney-in-fact and representative for Jean Simon's Estate and Person, filed an Original Petition alleging Defendant Snow's and others negligence and malfeasance proximately caused Jean Simon injury and damages.

2. On October 18, 2014, Defendant Joellen Snow filed her Original Answer and a Rule 91(a) Motion to Dismiss.

3. On October 30, 2014, Defendant Snow filed Special Exceptions.

4. On November 11, 2014, Defendant Snow filed a Motion to Strike.

5. Defendant Snow set her motions and special exceptions for hearing on November 20, 2014.

6. In her motion to dismiss and special exceptions, Defendant Snow urged and, at a November 20, 2014 hearing argued, that

    a. Plaintiff was not Jean Simon's guardian at the times of her dealings with Defendant Snow and that "Snow never represented Morna in her capacity as Guardian of Simon's estate," and therefore could not now sue Defendant Snow in such representative capacity, and

    b. Defendant Snow "did not owe a duty to Simon the proposed ward as there was never an attorney-client relationship between Snow and Simon either."

7. Six days prior to the November 20, 2014 hearing, on November 14, 2014[1], Plaintiff filed a First Amended Original Petition alleging more clearly her claims of Agency, that she engaged Snow acting as attorney-in-fact on behalf of Jean Simon through a Power of Attorney, and further alleged additional theories of negligence based upon Defendant Snow's and others' having duties to Jean Simon that do not require an attorney-client relationship, and

---

[1] 91a.5 Effect of . . . Amendment: (b) If the respondent amends the challenged cause of action at least 3 days before the date of the hearing, the movant may, before the date of the hearing, file a withdrawal of the motion or an amended motion directed to the amended cause of action.

further for having made negligent misrepresentations to Guardian Simon-McGuffey, acting as agent and attorney-in-fact for Jean Simon.[2]

8.     Defendant Snow neither amended her Motion to Dismiss or her Special Exceptions, nor did Defendant Snow address or present any argument against the newly pleaded theories of agency and liabilities and duties to nonclients that are presented in Plaintiff's First Amended Original Petition.

9.     Plaintiff's first amended original petition alleges that Angela Johnson was negligent in conducting her duties and responsibilities to her client, Jean Simon, which negligence caused proximate injury and damage to Jean Simon.

=================================================================

WHEREFORE, plaintiff requests that the orders granting Defendant Snow's Motion to Dismiss and Special Exception be reversed and withdrawn, and Angela Johnson's Motion to Dismiss also be reversed and withdrawn, that Plaintiff's causes of action presented in Plaintiff's First Amended Original Petition be reinstated, that Plaintiff be awarded attorneys' fees and costs for defending against Defendant Snow's and Defendant Johnson's Motion to Dismiss, including the preparation and filing of this appeal and supporting matters, and for such other and further relief, at law or in equity to which the plaintiff is justly entitled.

The Estate of Doris Jean Simon is indigent and may proceed without advance payment of costs. SEE EXHIBIT A.

---

[2] RESTATEMENT (SECOND) OF TORTS § 552 (1977); RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS §§ 48, 51 (1998); the predecessor to §51, RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 73 (Tentative Draft No. 8, 1997), as cited with approval in *McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787 (Tex. 1999).

A copy of this notice of appeal has been served on all parties to the trial-court proceeding and a docketing statement will be filed in the court of appeals as provided by the rules of court.

===============================================================

Respectfully submitted,

By: ___ /s/ Henry Clay McGuffey
    Henry Clay McGuffey
    Texas State Bar No. 1366150
    P.O. Box P.O. Box 980593
    Houston, Texas 77098
    5804 Fordham
    Houston, Texas 77005
    Tel. 713-855-5669
    Fax: 713-583-2706
    Attorney for Appellant Morna Simon-McGuffey, Agent, Attorney-in-Fact and Guardian for the Person and Estate of Jean Simon

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this response is being served on counsel of record for the parties on this 23rd of February 2015.

Henry Clay McGuffey

THE STATE OF TEXAS      §

HARRIS COUNTY      §

EVENTS HAVE RENDERED MY VISION TEMPORARILY INCAPACITATED, TO WHERE I CAN NEITHER READ OR WRITE. HOWEVER, I HEARBY DESIGNATE MORNA SIMON-MCGUFFEY AS MY AGENT FOR THE PURPOSE OF VERIFYING THIS NOTICE. MORNA SIMON-MCGUFFEY HAS READ THIS NOTICE TO ME AND I APPRVE ITS CONTENTS AND CONFIRM THAT IT IS TRUE.

## AFFIDAVIT

My name is Morna Simon-McGuffey. I am over 18 years of age, of sound mind and fully capable of making this affidavit. Henry Clay McGuffey has authorized me to verify this notice of appeal and I hearby do so. Additionally, as confirmed by the inventory I filed as guardian in the estate of Jean N. Simon on or about October, 2014, the estate of Jean N. Simon is insolvent.

"My name is Henry Clay McGuffey. I am capable of making this verification. I have read the foregoing Notice of Appeal. The facts stated in it are within my personal knowledge and are true and correct."

Sworn to and subscribed before me by Henry Clay McGuffey on the 23 day of February 2015.

PAMELA K MASSEY
My Commission Expires
April 27, 2018

Notary Public in and for the State of Texas
My commission expires: 4·27·2018

## CERTIFICATE OF SERVICE